UNITED STATES of America for the Use of RAY WEIST CONSTRUCTION COMPANY, Plaintiff-Appellant,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY et al., Defendants-Appellees.

No. 73–3160.

United States Court of Appeals, Ninth Circuit.

March 17, 1975.

Douglas A. Wilson (argued), of Wilson, Flower & Sullivan, Yakima, Wash., for plaintiff-appellant.

Jerry R. McNaul (argued), of Culp, Dwyer, Guterson & Grader, Seattle, Wash., for defendants-appellees.

Before TRASK and CHOY, Circuit Judges, and MURRAY,* District Judge.

OPINION

PER CURIAM:

This appeal is from a summary judgment adverse to Ray Weist Construction Company (Weist), a subcontractor, which brought an action against a surety under the Miller Act, 40 U.S.C. §§ 270a, 270b. The district court held that it lacked jurisdiction because Weist had failed to satisfy the notice of claim requirement of § 270b.[1] We affirm.

O'Leary Construction, Inc. (O'Leary), subcontracted with Weist for Weist to crush rock for a United States Forest Service road and thereafter to haul and place the crushed material on the roadbed.

---

* The Honorable William D. Murray, United States District Judge for the District of Montana, sitting by designation.

1. In pertinent part the statute reads: " . . . any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed."

The material facts are undisputed. Weist fully performed the rock-crushing on December 1, 1971. Road building operations were closed down for the winter. On July 1, 1972, O'Leary asked Weist to haul and place the crushed material. Weist defaulted on this portion of its subcontract. O'Leary did the hauling and placing. On March 21, 1972, O'Leary not having paid for the rock-crushing, Weist gave the surety and O'Leary notice of claim therefor.

The district court held that the notice of claim was served more than 90 days after the last work Weist had performed and so the court had no jurisdiction under the Miller Act. Weist contends that the statutory time did not commence to run until it defaulted on its subcontract and when O'Leary elected to haul and place the crushed material. We agree with the district court.

The language of § 270b is too clear to permit adoption of Weist's contention that the ninety days should be construed as beginning when it defaulted in July, 1972, and not when it last crushed rock in December, 1971. United States ex rel. Austin v. Western Electric Co., 337 F.2d 568 (9th Cir. 1964), on which Weist strongly relies provides no aid to it. *Austin* rejected use of the date of substantial completion as commencing the ninety-day period; it held that the last date on which work was performed under the contract, as opposed to when repairs were made following inspection of the project, was the test to be applied.

Affirmed.